### MAES v. LOS ANGELES TANKER OPERATORS, Inc., et al.
### No. 74.

District Court, S. D. Texas, Corpus Christi Division.
Jan. 19, 1948.

Easterling & Horkin, Patrick J. Horkin, Jr., Savage & Young and John A. Young, all of Corpus Christi, Tex., for libellant.

Kleberg, Eckhardt, Mobley & Roberts, and M. Harvey Weil, all of Corpus Christi, Tex., for respondent.

HANNAY, District Judge.

The following are the pertinent facts, and same are found as facts by the Court, under the heading Findings of Fact.

## Findings of Fact.

1. Libellant, Charles L. Maes, was, on the 17th day of October, 1945, while lawfully employed by the United States of America, War Shipping Administration, in the capacity of Chief Mate aboard the S.S. Newberg, and while aboard said vessel under way on the high seas, was ordered to butterworth certain of the ship's tanks.

By "butterworth" is meant using a machine that revolves and sprays hot, scalding water into the tank, starting at the top and lowering as it washes, clear to the bottom.

2. Libellant went aboard the ship originally as Chief Mate, and after the then Master became incapacitated, acted as Master until relieved by Captain A. H. Miller. Libellant apparently was very unhappy and resentful over having to relinquish control of the vessel to Captain Miller.

3. The order given by the Master to libellant was a usual and customary command, and same was in pursuance to orders received by the Master from the Naval Officer in operational control of said vessel, the United States then being in a state of war.

4. Libellant, Charles L. Maes, did, at said time and place, to wit: aboard said vessel S.S. Newberg on the 17th day of October, 1945, wilfully disobey the said command of the Master, and at such time and on such occasion did use disrespectful language to and was insubordinate to his superior officer, Captain Miller.

5. The next day, to wit: October 18, 1945, while libellant was still lawfully employed by the United States of America in such capacity as Chief Mate, and while still on the high seas, he was again ordered by said Master to butterworth certain of the ship's tanks, which order was usual and customary and in pursuance to orders received by such Master from his superior officer. On this occasion libellant did again wilfully disobey the command of said Master, and did again use disrespectful language to and in the presence of his superior, Captain Miller, and did otherwise deport himself in a disorderly manner, and did, from that day until and including the 2nd day of November, 1945, wilfully continue to disobey the said command of Captain Miller.

6. On October 18, 1945, said libellant was confined to his quarters aboard said vessel by said Master, and was kept in such confinement, except for periods of exercise and air, until the 2nd day of November, 1945, upon which day the vessel in question arrived in Corpus Christi, Texas, such port being the first port of arrival in the United States.

7. On the 18th day of October, 1945, an entry was made in the official log book of the S.S. Newberg, showing that libellant, Charles L. Maes, was charged with "disobeying a lawful command at sea" and "being insubordinate and refusing to turn to and butterworth certain tanks aboard this ship."

8. The next day (October 19, 1945) the official log entry was distinctly and audibly read over to libellant, and he was furnished with a copy of same.

9. On November 2, 1945, at the request of the Master, and after the Master had related to an agent of the Federal Bureau of Investigation the events that had transpired on said vessel that resulted in libellant being confined to his quarters, said agent removed said libellant from the vessel at Corpus Christi, Texas, and placed him in the Nueces County jail, where he was booked and held for about three days for investigation.

10. On November 6, 1945, libellant was paid a net sum of $1,197.72, such sum being composed of $1,305 wages, $992.28 bonus, $377.32 overtime, $92.50 transportation allowance, $1.75 subsistence (a total of $2,769.85), less deductions of $28.93 Federal Old Age Benefit tax, $503.20 withholding tax, $40 advances, $1,000 allotment (a total of $1,572.13 deductions), which amounts were accepted by said libellant, and he did sign a release whereby he relieved the Master and owners of the S.S. Newberg from all claims for wages in connection with the past voyage.

11. The contract of employment between libellant and the United States of America, War Shipping Administration, on the S.S. Newberg, provided, among other things, "and the said crew agree to conduct themselves in an orderly, faithful, honest and sober manner, to be at all times diligent in their respective duties, and to be obedient to the lawful commands of the said Master, or of any person who shall lawfully succeed him, and of their superior officers in everything relating to the vessel and the stores and cargo thereof, whether on board, in boats, or on shore \* \* \* and it is also agreed that if any member of the crew considers himself to be aggrieved by any breach of the agreement, or otherwise, he shall represent the same to the Master, or officer in charge of the ship, in a quiet and orderly manner, who shall thereupon take such steps as the case may require."

12. Confinement aboard ship is a customary punishment for wilful disobedience of lawful commands.

13. I further find that libellant suffered no damage by reason of his confinement aboard ship, but that he did suffer damage by reason of his confinement in the Nueces County jail in Corpus Christi, Texas, in the amount of $250, by reason of loss of time and humiliation.

14. I further find as a fact that libellant did not, either on October 17 or October 18, 1945, make any demand of the Master of the vessel to put in writing his orders to butterworth the tanks, but that he did do so on October 19, 1945, when there was read to him, and presented to him, a copy of the official log entry of the vessel.

15. I find as a fact that the order to butterworth the ship's tanks while the ship was under way at sea is a usual and customary order, and is usually and customarily given orally, and a demand that such oral order be placed in writing is unusual and not in accordance with the customs, practices, and usages of the sea.

Conclusions of Law:

I find as a matter of law that:

1. The order to butterworth certain of the ship's tanks, given to libellant by the Master of the S.S. Newberg on October 17, 1945, was a lawful command.

2. The order to butterworth certain of the ship's tanks, given to libellant by the Master of the S.S. Newberg on October 18, 1945, was a lawful command.

3. Libellant, Charles L. Maes, was in each of the following instances in violation of the laws of the United States:

a. In his wilful disobedience of a lawful command of the Master on October 17, 1945;

b. In his wilful disobedience of a lawful command of the Master on October 18, 1945;

c. In his using disrespectful language and being insubordinate to his superior officer, the Master, on October 17, 1945;

d. In his using disrespectful language and being insubordinate to his superior officer, the Master, on October 18, 1945; and

e. In his continuous wilful disobedience of a lawful command of his superior officer, the Master, from the 18th day of October, 1945, to the 2nd day of November, 1945.

4. The confinement of libellant to his quarters on board the S.S. Newberg from the 18th day of October, 1945, to the 2nd day of November, 1945, was a proper, authorized, and lawful punishment under the laws of the United States; and did not constitute false imprisonment of libellant by an agent of the United States of America, War Shipping Administration.

5. I further find as a matter of law that libellant breached his contract of employment, as set out in the Findings of Fact, supra, in each of the following instances:

a. In his wilful disobedience of a lawful command of the Master on October 17, 1945;

b. In his wilful disobedience of a lawful command of the Master on October 18, 1945;

c. In his using disrespectful language and being insubordinate to his superior officer, the Master, on October 17, 1945;

d. In his using disrespectful language and being insubordinate to his superior officer, the Master, on October 18, 1945;

e. In his continuous wilful disobedience of a lawful command of his superior officer, the Master, from the 18th day of October, 1945, to the 2nd day of November, 1945.

6. I further find as a matter of law that the confinement of libellant in the county jail of Nueces County, Texas, by an agent of the Federal Bureau of Investigation, for investigation, was proper and authorized and did not constitute, as a matter of law, false imprisonment of libellant by an agent of the United States of America, War Shipping Administration.

7. I further find as a matter of law that what Captain Miller did in connection with having libellant removed from the ship was merely to do nothing more than lay before the Federal Bureau of Investigation the facts concerning the insubordination and misdeeds of libellant on board the S.S. Newberg, detailed hereinabove.

8. I, therefore, hold that the respondent, United States of America, War Shipping Administration, is not liable to libellant for any damages for false imprisonment.

9. I further hold that as a matter of law respondent, United States of America, War Shipping Administration, is not liable to libellant for any unpaid wages, and in this connection, I further hold on the cross-libel that cross-libellant should not recover over-payment of $92.50.

10. I further find as a matter of law that the Motion to Dismiss, filed by respondent because of failure of libellant to file an administrative claim and have said claim administratively disallowed, is not well taken, and same is disallowed.

11. Although I found that libellant sustained damage in the sum of $250 by reason of his confinement in the Nueces County jail, I find that since such confinement was not illegal, and same was not caused by the wrongful action of respondent herein, no amount of damages should be awarded against respondent herein, or in its favor on its claim for over-payment, but that libellant take nothing by his suit and respondent be discharged with its costs.

Let proper judgment be drawn and presented.

The Clerk will notify counsel.